## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## JANUARY SESSION, 1997

**FILED**

**June 3, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 02C01-9510-CC-00298 |
| Appellee | ) | |
| | ) | HENDERSON COUNTY |
| vs. | ) | |
| | ) | Hon. FRANKLIN MURCHISON, Judge |
| DEWAYNE MOFFITT, | ) | |
| | ) | (Resisting Arrest) |
| Appellant | ) | |

For the Appellant:

**FRANKIE STANFILL and**
**DANIEL TAYLOR**
Asst. District Public Defenders
112 W. Baltimore, Suite 208
Jackson, TN 38301

(ON APPEAL)

**GEORGE MORTON GOOGE**
District Public Defender

For the Appellee:

**CHARLES W. BURSON**
Attorney General and Reporter

**SUSAN ROSEN**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**JAMES G. (JERRY) WOODALL**
District Attorney General

**DONALD ALLEN and**
**NICK NICOLA**
Asst. District Attorneys General
Lowell Thomas State Office Bldg.
Suite #201-A
Jackson, TN 38302-2825

OPINION FILED: _____

AFFIRMED PURSUANT TO RULE 20

**David G. Hayes**
Judge

**OPINION**

The appellant, Dewayne Moffitt, was convicted by a Henderson County jury of resisting arrest, a class B misdemeanor. Tenn. Code Ann. § 39-16-602 (1991). The trial court sentenced the appellant to six months incarceration in the county jail, suspending all but sixty days. On appeal, the appellant challenges the sufficiency of the evidence.

Viewing the evidence adduced at trial in a light most favorable to the State, the appellant's conviction arose from the following events. On February 27, 1994, Captain Scott Pollard of the Henderson County Sheriff's Department drove to the Royal View Apartments in Lexington. The dispatcher had received a report that an armed man was attempting to forcibly enter an apartment and, possibly, was holding another man at gunpoint. When Captain Pollard, accompanied by Deputy Brian Duke, arrived at the apartment complex, they were instructed by Sergeant Scotty Kizer of the Lexington Police Department to proceed to another building in which an injured child was located. The child had been injured when the mother had either thrown the child from a second floor window or jumped from the window holding the child in her arms. The mother had then fled with her children to the appellant's apartment. The appellant, however, refused to either allow Captain Pollard to enter his apartment in order to determine the condition of the child or bring the child to Pollard. The appellant physically obstructed Pollard's entry into his apartment, pushing Captain Pollard and threatening Pollard with a metal pipe. Additionally, several officers overheard the appellant threaten Pollard's life. When Pollard and several fellow officers attempted to arrest the appellant for disorderly conduct and assaulting a police officer, the appellant refused to allow the officers to place handcuffs on his wrists. Ultimately, six officers and the use of a chemical spray were needed to subdue the appellant.

After thoroughly reviewing the records, the briefs, and the law governing the issue presented by the appellant, we conclude that the evidence is sufficient to support the finding by the trier of fact of guilt beyond a reasonable doubt and that no error of law requiring a reversal of the judgment is apparent. Accordingly, pursuant to Ct. Crim. App. Rule 20, we affirm the judgment of the trial court.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOE B. JONES, Presiding Judge


_____
PAUL G. SUMMERS, Judge